Lewis M. Francis (USB #6198)
Elizabeth M. Butler (USB #13658)
JONES WALDO HOLBROOK & McDONOUGH PC
Attorneys for Plaintiff
170 South Main Street, Suite 1500
Salt Lake City, Utah  84101
Telephone:  (801) 521-3200
lfrancis@joneswaldo.com
ebutler@joneswaldo.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| EXACT MARKETING, INC. d/b/a LIZARD SKINS, a Utah Corporation<br><br>            Plaintiff,<br><br>vs.<br><br>BRANDON EATON and SEAN EIGHMEY, individually and d/b/a STINGER BAT CO.,<br><br>            Defendants. | COMPLAINT<br><br>Civil No. 2:16-cv-01160-PMW<br><br>Judge Paul M. Warner |

Plaintiff Exact Marketing Inc., d/b/a Lizard Skins ("Lizard Skins" or "Plaintiff") by and through its undersigned counsel, complains of defendants Brandon Eaton and Sean Eighmey, both individually and doing business as Stinger Bat Co. (collectively "Defendants") as follows:

**PARTIES, JURISDICTION & VENUE**

1.      Plaintiff Exact Marketing Inc., d/b/a Lizard Skins is a Utah corporation, with its principal place of business in American Fork, Utah.  Lizard Skins is engaged in the manufacturing, marketing and sales of a distinctive grip tape used by athletes in baseball,

lacrosse, hockey, mountain biking, road biking and bmx biking throughout the United States under the Lizard Skins™ trade name.

2. Brandon Eaton is an individual and a citizen of Corning, New York.

3. Sean Eighmey is an individual and a citizen of Painted Post, New York.

4. Stinger Bat Co. is a d/b/a for Brandon Eaton and Sean Eighmey.  Stinger Bat Co. has a mailing address of Painted Post, New York.

5. Defendants, under the name Stinger Bat Co., are also in the business of manufacturing grip tape which they sell throughout the United States.

6. This action involves violations of the federal Lanham Act.  Jurisdiction is conferred under the Lanham Act, 15 U.S.C. § 1121, and federal question jurisdiction, 28 U.S.C. § 1331.  Jurisdiction for the non-federal question claims arise under 28 U.S.C. § 1367, because those claims are so related to claims in this action within the Court's original jurisdiction that they form part of the same case or controversy.

7. Alternatively, because Plaintiff and Defendants are citizens of different states and because the amount in controversy is over $75,000, jurisdiction is conferred under 28 U.S.C. § 1332.

8. Defendants, through their d/b/a Stinger Bat Co., do business in Utah and are subject to personal jurisdiction in this Court.

9. Further, the injuries complained of occurred in this district, forming another basis for jurisdiction.

10. Venue is proper under 28 U.S.C. § 1391, in that a substantial part of the events giving rise to the claims asserted herein occurred in this District, and Defendants are subject to the personal jurisdiction of this Court.

## GENERAL ALLEGATIONS

11. Lizard Skins markets, manufactures and sells its distinctive grip tape throughout the United States, and has done so for many years.

12. Lizard Skins began developing its grip tape for the cycling industry in 2009.

13. Building on decades of experience and expertise, Lizard Skins expanded beyond the cycling world into baseball in or around January of 2012, into lacrosse in or around January of 2015, and into hockey in or around November of 2016

14. In 2016, Lizard Skins became the official bat grip supplier of Major League Baseball.

15. Lizard Skins bat grips come in three different thicknesses and three different color patterns.

16. First, Lizard Skins bat grips come in thicknesses of 1.8 mm, 1.1 mm, and 0.5 mm.

17. Second, Lizard Skins bat grip comes in (1) single color which has been utilized by Lizard Skins in commerce since January of 2012: (2) dual color – where the colors are split horizontally down the length of the grip tape, which has been utilized by Lizard Skins in commerce since September of 2013; and, (3) a number of unique "Camo" patterns which have been utilized by Lizard Skins in commerce since September of 2013.

18. Of the Camo patterns, there are two groups: (1) a two-color marble Camo pattern, characterized by a swirling of two different colors on a solid background, which has been utilized by Lizard Skins in commerce since September of 2013:



and (2) a one color marble camo pattern, characterized by a dominant background color with one prominent swirling color, and utilized by Lizard Skins in commerce since February of 2014:



https://lizardskins.com/baseball/bat-grip/0.5mm

19. All Lizard Skins bat grips, regardless of thickness or color, have oval indentations in staggered rows, and are embossed with the trade name:

4



https://lizardskins.com/baseball/bat-grip/0.5mm

      20.      Lizard Skins bat grip is sold in clear packaging.

      21.      Lizard Skins bat grip, with its Camo patterns, clear packaging, staggered oval indentation pattern, and embossed name, constitutes protectable trade dress. These design elements are for aesthetic and identifying purposes and not for functionality.

      22.      Stinger Bat Co. is a direct competitor of Lizard Skins.

      23.      Stinger Bat Co. started business on or around March of 2015.

      24.      Operating at the website stingerwoodbats.com, a consumer may purchase Stinger Bat Co.'s products and have them shipped anywhere in the world. Stinger Bat Co., Check Out Page, https://brandoneaton.publishpath.com/Store/Checkout/c07fa7f7-6839-4224-b72a-f31bd166a523?OriginalDomain=stingerwoodbats.com.

      25.      Stinger Bat Co. has shipped product to Utah.

      26.      Upon information and belief, Stinger did not begin selling grip tape until June of 2016. Specifically, Stinger announced on its Facebook page on June 3, 2016: "Check out our new Stinger Grip Tape now available on our website." Stinger Bat Co. Facebook, 6/3/16 post, https://www.facebook.com/bestwoodbats/photos/a.1127914857238309.1073741829.1125666030796525/1282205641809229/?type=3&theater.

27. The Stinger bat grip tape comes in solid black as well as a camo pattern remarkably similar to Lizard Skins' two color marble camo pattern, characterized by a dominant primary background color with two swirling colors:



Stinger Bat Grip Tape: http://stingerwoodbats.com/stinger-bat-grip-tape?ReturnUrl=LwA%3d

28. Likewise, Stinger bat grips utilize the same oval indentations in staggered rows and embossed name:



Stinger Bat Grip Tape: http://stingerwoodbats.com/stinger-bat-grip-tape?ReturnUrl=LwA%3d

29. Stinger grip tape is sold in unlabeled clear packaging.

30. Defendants, or one of them on behalf of Stinger Bat Co., reached out to Lizard Skins over social media on March 29, 2016. Defendants inquired if Lizard Skins would sell its grip tape to them for private labeling. Lizard Skins was not interested in this arrangement.

31. As evidenced by this communication, Defendants were aware of Lizard Skins' grip tape and its unique features. Notwithstanding this knowledge, Defendants went ahead and began selling Stinger Bat Co. grip tape utilizing the same or similar camo designs, embossing and indentations as Lizard Skins utilizes.

32. Lizard Skins has been damaged by Defendants' improper conduct, including but not limited to lost sales, as well as damage to its reputation from the inferior imitations sold by Defendants.

33. In addition, Defendants have been and are being unjustly enriched by copying and selling the Lizard Skins' designs and passing it off as their own.

## FIRST CLAIM FOR RELIEF
### (Unfair Competition & Trade Dress Infringement, Lanham Act, 15 U.S.C. § 1125(a))

34. Plaintiff incorporates the preceding allegations as though set forth fully herein.

35. The designs, details, and overall look and feel of Lizard Skins bat grip tape are inherently distinctive.

36. Through its extensive marketing and sales over the years, the Lizard Skins bat grips' designs, with swirling colors, oval indentations in staggered rows, and embossed logo, have become identified in the mind of the consumer with Lizard Skins' products.

37. Through its extensive and expensive marketing and sales, as well as decades of experience and expertise in the grip market, Lizard Skins has become the official bat grip supplier of Major League Baseball.

38.     Because Lizard Skins' trade dress has come to identify the product's single source, it has taken on a secondary meaning.

39.     Defendants' unauthorized use of the Lizard Skins design is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants' commercial activities, including their promotional activities and advertisements through the Stinger Bat Co. website, and other media content, are associated or connected with Lizard Skins, or have the sponsorship, endorsement or approval of Lizard Skins.

40.     Because Defendants' Stinger grip tape copies the look and feel of the Lizard Skins grip tape, consumers will likely confuse them with Lizard Skins' products. In other words, Defendants are selling confusingly similar imitations of Lizard Skins' grip tape.

41.     Moreover, Defendants actions demonstrate an intentional, willful, and malicious intent to infringe Lizard Skins' trade dress.

42.     By copying and selling an imitation of the Lizard Skins products for their own benefit, Defendants have committed trade dress infringement under the Lanham Act, 15 U.S.C. § 1125(a).

43.     Defendants' improper actions are resulting in the loss of Lizard Skins' customers, and tarnishing Lizard Skins' good will, thus causing Lizard Skins injury.

44.     As a result of this unfair competition and trade dress infringement, Lizard Skins is losing sales and Defendants are unjustly enriched, for which injury Lizard Skins is entitled, under the Lanham Act, 15 U.S.C. §§ 1116(a) and 1117(a) and 1118(a), to a preliminary and permanent injunctive relief, actual damages and Defendants' profits. In light of the willful and

egregious nature of Defendants' conduct, Lizard Skins is further entitled to treble damages and Lizard Skins' attorneys' fees and costs incurred.

## SECOND CLAIM FOR RELIEF
### (Common Law Trade Dress Infringement)

45. Plaintiff incorporates the preceding allegations as though set forth fully herein.

46. Defendants' unauthorized use of confusingly similar imitations of the Lizard Skins grip tape is likely to cause confusion, deception, and mistake by creating the false and misleading impression that the Defendants are associated or connected with Lizard Skins, or has the sponsorship, endorsement, or approval of Lizard Skins.

47. Defendants' conduct constitutes infringement of the common law rights of Lizard Skins. Defendants' conduct has damaged and will continue to damage Lizard Skins' good will and reputation.

48. Defendants' actions violate the common law of Utah and have damaged and continue to damage Lizard Skins and the valuable Lizard Skins trade dress.

49. Defendants' improper actions are resulting in the loss of Lizard Skins' customers, and tarnishing Lizard Skins' good will, thus causing Lizard Skins injury.

50. Plaintiff requests relief as hereafter described in its Prayer for Relief.

## THIRD CLAIM FOR RELIEF
### (Common Law Unfair Competition)

51. Plaintiff incorporates the preceding allegations as though set forth fully herein.

52. By copying and selling an imitation of the Lizard Skins grip tape, Defendants have committed unfair competition.

53.  Defendants' cheap imitations not only steal Lizard Skins' customers, but also tarnish Lizard Skins' products and reputation, thus causing it injury and damages.

54.  As a result of Defendants' imitation, Lizard Skins is losing sales and Defendants are being unjustly enriched.

55.  Lizard Skins is entitled to both temporary and permanent injunctive relief against such continuing misconduct, as well as monetary damages, and requests relief as hereafter described in its Prayer for Relief.

### FOURTH CLAIM FOR RELIEF
**(Deceptive Trade Practices, Utah Truth in Advertising Act, Utah Code Ann. § 13-11a-1)**

56.  Plaintiff incorporates the preceding allegations as though set forth fully herein.

57.  The designs, details, and overall look and feel of Lizard Skins bat grip are inherently distinctive.

58.  Through its extensive marketing and sales over the years, the Lizard Skins bat grips' designs, with swirling colors and oval indentations, have become identified in the mind of the consumer with Lizard Skins' products.

59.  And through its extensive marketing and sales, as well as decades of experience and expertise in the grip market, Lizard Skins has become the official bat grip supplier of Major League Baseball.

60.  Because Lizard Skins' trade dress has come to identify the product's single source, it has taken on a secondary meaning.

61.  Because Defendants' Stinger bat grip products copy the look and feel of the Lizard Skins grips, consumers will likely confuse them with Lizard Skins' products. In other

words, Defendants' Stinger bat grips' similarity to Lizard Skins' bat grips causes likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, affiliation, connection, or association of Defendants' products in violation of Utah Code Ann. § 13-11a-3(b)-(c)

62. Defendants' improper actions are resulting in the loss of Lizard Skins' customers, and tarnishing Lizard Skins' good will, thus causing Lizard Skins injury.

63. As a result of these deceptive trade practices, Lizard Skins is losing sales and Defendants are unjustly enriched, for which Lizard Skins is entitled, under the Utah Truth in Advertising Act, to injunctive relief and actual damages.

64. Plaintiff requests relief as hereafter described in its Prayer for Relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Exact Marketing, Inc. d/b/a Lizard Skins ("Lizard Skins") demands entry of judgment in its favor and against defendants Brandon Eaton and Sean Eighmey, individually and dba Stinger Bat Co. (collectively "Defendants") as follows:

A. For a permanent injunction precluding Defendants, their agents and representatives, as well as anyone else with actual knowledge of such injunction, from copying and selling imitations of the Lizard Skins grip tape.

B. For Damages, in excess of $75,000, as measured by Lizard Skins' lost sales and lost business opportunities, as well as the profits received by Defendants from copying and selling imitations of the Lizard Skins grip tape.

C. For treble damages based on Defendants' willful and intentional misconduct;

D. For Lizard Skins' attorney's fees and costs incurred;

E. For Pre-judgment interest; and

11

F.      For such other or further relief as the Court may deem appropriate.

Dated this 15th day of November, 2016.

                              JONES, WALDO, HOLBROOK & McDONOUGH PC

                              By /s/ Lewis M. Francis
                                  Lewis M. Francis
                                  Elizabeth M. Butler
                                  Attorneys for Plaintiff